JOSEPH F. FEARN, Respondent, *v.* GEORGE K. CULP, INC., Appellant.

First Department, December 2, 1927.

Corporations — officers — action to recover salary of vice-president of corporation — complaint alleges plaintiff's assignor was duly elected vice-president — plaintiff's assignor was not legally elected vice-president — error to charge that recovery might be had on theory of ratification, since that theory was not present in complaint or proof — subsequent statement by court that recovery must be had on theory that assignor was elected and served and performed his duties and was not paid, confused issues.

The plaintiff seeks in this action to recover the amount of salary alleged to have accrued to his assignor as vice-president of the defendant corporation. The complaint alleges that the plaintiff's assignor was duly elected to that office and thereafter held the same and that he assigned his claim for salary to the plaintiff. It is conceded that a so-called stockholders' meeting was illegal and void, since it was not held at the principal place of business of the corporation in Delaware. The legality of the election of plaintiff's assignor cannot be maintained on the theory that he was appointed at a directors' meeting, held without notice immediately after the illegal stockholders' meeting, under the authority of a by-law which authorized the directors to appoint subordinate officers. This contention cannot be maintained, since the complaint is based upon a regular appointment by election to an office legally created to which a salary was legally attached by proper resolution of the corporation.

It was error for the court to charge that if there was informality in the election of plaintiff's assignor, the defendant might be held liable if it thereafter ratified the informal election. This charge was erroneous since the pleadings were not based upon ratification of an informal or illegal appointment and there was no proof to sustain such theory.

When an exception was taken to that part of the charge, the court refused to charge further on that point and stated that the plaintiff must prevail on proof that the plaintiff's assignor was duly elected and that he served as vice-president and was not paid. The additional statement by the court must have created confusion in the minds of the jurors as to the principles of law applicable.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the

25th day of March, 1925, and also from an order entered in said clerk's office on the same day.

*I. Maurice Wormser* of counsel [*John F. Couts*, attorney], for the appellant.

*Samuel J. Reid* of counsel [*McCole & Reid*, attorneys], for the respondent.

McAvoy, J. The plaintiff in this case alleged a cause of action as salary for services said to have been rendered by his assignor, as vice-president of the defendant corporation, for two months and a half of the year 1922. The plaintiff recovered a sum which would equal a salary fixed at the rate of $1,000 a month with interest.

The complaint sets out that the plaintiff's assignor was duly appointed vice-president on or about March 15, 1922, and held that office until June first of that year and discharged all the duties and services prescribed for his office; that his salary was regularly fixed at the rate of $12,000 a year, payable in monthly installments of $1,000 each; that he had been paid $250 on account of the salary which left a balance of $2,250. There is then an allegation of the assignment to the apparently nominal plaintiff.

The testimony shows, and it is now conceded by plaintiff, that the so-called stockholders' meeting at which the plaintiff's assignor was elected a director, together with another, who knew nothing about such election, was illegal and void because of the failure to hold such meeting at the principal place of business of the corporation, which was in Wilmington, Del., but it is sought to hold the election of vice-president a legal one by the device of considering the stockholders' meeting as not held at all, looking only to a directors' meeting which was held immediately afterwards by three out of five of the then directors who were legally considered as such directors before the meeting. There was no notice of this meeting of any character established, either appearing from the minutes of the company or from any other proof. In fact, the sole testimony relevant to the meeting by the secretary is that he sent no notice to anybody. The three legal directors, who had assembled for the so-called stockholders' meeting prepared to create a new office of second vice-president, proceeded thereafter to elect the plaintiff thereto at a so-called directors' meeting. At the stockholders' meeting, illegal concededly, there was no new office of vice-president created, and plaintiff could not be elected thereto. Therefore, the expedient is resorted to of considering him as appointed to a subordinate office of vice-president under a by-law of the company which permits the election or appointment

by the board of directors of such subordinate officers as they see fit to so appoint or elect. This procedure cannot hold under the complaint, the testimony and the charge of the learned court. The complaint is one based upon a regular appointment by election to an office in which a salary was regularly fixed by a proper resolution of the company. The proof shows an illegal meeting creating an office, an illegal appointment by a directors' meeting not properly called, and the court's charge states that if there were any informality in the election of the plaintiff as vice-president the jury might consider whether or not the action, if informal, was afterwards ratified by the defendant. The learned trial court then stated that if it was ratified, such " ratification, the making good of the informal election, if you find there was such informal election, dated back to the time when plaintiff first began to serve as vice-president under what he claims was the election." This charge put an element into the case which was not in the pleadings, the proof nor in any request to charge that appears in the record. This was called to the trial court's attention, and an exception was taken which indicated to the court that defendant objected to the jury considering the plaintiff's employment, as established through ratification, but the learned court declined to charge further on that point, and stated that plaintiff must prevail on the fact that he was elected to this position and that he served and performed his duties as vice-president and was not paid, which excluded the idea of ratification as the basis for recovery, since if he was elected, there was no need for ratification. This left the matter in such confusion that the jurors could not have understood the applicable principles of the law.

The judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs, for variance, but not on the merits.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs, for variance, but not on the merits.